**Herman H. DUNN, Administrator of the Estate of Ferne Dunn Krebs, Deceased**

**v.**

**BEECH AIRCRAFT CORPORATION.**

**Civ. A. No. 41546.**

United States District Court
E. D. Pennsylvania.

Oct. 25, 1967.

Richter, Lord & Cavanaugh, by Kenneth Syken, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, by David L. Steck, Philadelphia, Pa., for defendant.

OPINION

BODY, District Judge.

The issue before the Court is whether the defendant, Beech Aircraft Corporation, incorporated under the laws of Delaware and with its principal place of business in Wichita, Kansas, is amenable to service of process in Pennsylvania through the Philadelphia office of Atlantic Aviation Service, Inc. The issue is raised by the defendant's motion to dismiss the complaint or alternatively to quash service of process.

The plaintiff is a Pennsylvania resident seeking to recover damages for the death of Ferne Dunn Krebs. Plaintiff's decedent died in the crash of a private aircraft manufactured by the defendant, Beech Aircraft. The crash occurred in 1965 in the State of Virginia.

Plaintiff Dunn brought suit against Beech, the sole defendant, in the Eastern District of Pennsylvania on November 15, 1966. Federal jurisdiction is based on diversity of citizenship. On December 7, 1966 the plaintiff served the Summons and Complaint in the action against Beech on Mr. Joseph McShulkis, an assistant operator and manager of the Philadelphia office of Atlantic Aviation Service, Inc. (hereinafter "AAS"). AAS is not a party to the action.

In support of its alternative motions, defendant Beech avers that the plaintiff's service on AAS is not effective service on Beech, and must therefore be quashed; and further, that Beech is not amenable to service in Pennsylvania, and therefore the plaintiff's complaint should be dismissed.

The defendant's alternative motions are denied. We find that Beech is amenable to service of process in Pennsylvania; and that the plaintiff's service on AAS was effective as to Beech.

▆▆ The relevant law is clear. One organization (e. g. AAS) may be the agent for a second, out-of-state organization (e. g. Beech), and service upon the second, out-of-state organization may be accomplished by the delivery of a summons and complaint to an appropriate person in the first organization. See Scholnik v. National Airlines, Inc., 219 F.2d 115 (6th Cir.), cert. denied 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280 (1955); 2 Moore's Fed.Prac. at p. 1126, N. 9 (1966). Of course, service in Pennsylvania on Beech Corporation is not valid unless Beech's relationship to AAS presents an adequate basis for the assertion by this Court of in personam jurisdiction over Beech. An agency relationship would be an adequate jurisdictional basis. Thus the question specifically presented is whether Beech controls or could control AAS to the extent that AAS may properly be considered Beech's agent. See Goldberg v. Mutual Readers League, Inc., 195 F.Supp. 778 (E.D.Pa. 1961).

The question of Beech's relationship to AAS is not new to the courts. On August 2, 1966 Judge Higginbotham of the Eastern District of Pennsylvania found that AAS was the agent of Beech Aircraft for purposes of serving process. Anapol v. Beech Aircraft Corporation, et al., D.C., C.A. No. 37711 (unpublished order). Judge Higginbotham's decision was based primarily on a distributorship agreement between the two corporations in effect at the time service of process was made.

Defendant Beech points out that the *Anapol* distributorship agreement was terminated by a consent decree in 1965, and thus is not relevant to the agency relationship in the case sub judice. However, despite the termination of the old distributorship agreement, we find that Beech and AAS remained in an agency relationship which exists now and existed on December 7, 1966, when the plaintiff accomplished service on AAS.

The evidence on which we base our findings consists primarily of certain depositions taken in connection with a similar motion by the defendant in Scalise v. Beech Aircraft Corporation, et al., D.C., 276 F.Supp. 58, a case still under consideration before Judge Troutman of this District. The depositions are incorporated by reference into the record

of this action in accordance with the stipulation of the parties' counsel.

Among the *Scalise* depositions is a copy of a distributorship agreement between Beech and a corporation known as Atlantic Philadelphia, Inc. The agreement was entered into on January 21, 1966, approximately ten months before plaintiff Dunn accomplished service on AAS. We find the agreement to evidence an agency relationship between Beech and Atlantic Philadelphia. We find further that Atlantic Philadelphia and AAS are, for purposes of service of process on Beech, the same corporation. Finally, we find that service on AAS constitutes effective service on Atlantic Philadelphia and thus on Beech Aircraft.

Defendant Beech argues that AAS is merely a dealer and that Atlantic Philadelphia is a distributor. The technical distinction makes no difference. Both corporations are wholly owned subsidiaries of the parent Atlantic Aviation Corporation. They share the same officers. Their places of business are the same, sharing a location in Philadelphia International Airport. For purposes of this decision, the two corporations shall be considered as one and the same.

The distributorship agreement between Beech and Atlantic Philadelphia (and thus AAS) indicates that Beech was capable by virtue of the contract of exercising substantial control over the local distributor-dealer corporations. We single out but a few of the relevant provisions: (1) the agreement is terminable by either party upon thirty (30) days written notice, with or without cause; (2) the distributor must employ personnel acceptable to Beech both in numbers and in quality; (3) servicing of equipment must be acceptable to Beech; (4) the distributor cannot relocate without Beech's consent; (5) the nature and amount of advertising and promotion are to be determined by Beech; (6) Beech reserves an unlimited right of inspec-

tion; (7) the economic structure and accounting system must be satisfactory to Beech.

We are further satisfied that the control provided by the distributorship agreement was in fact exercised. Officers of the Beech Corporation have made frequent visits to Pennsylvania to check on sales programs and to conduct surveys and clinics and to perform other functions of a general supervisory nature. The past history of Beech's conduct with respect to its distributors would indicate that the Beech distributorship agreements are not mere paper arrangements. See, e. g., Szantay v. Beech Aircraft Corporation, 237 F.Supp. 393 (E.D.S.Car.), aff'd 349 F.2d 60 (4th Cir. 1965).

It is not necessary to elaborate further. The evidence is more than adequate that Beech has enough control over Atlantic Philadelphia and AAS to make Beech "present" in Pennsylvania under the "minimum contracts" standard established in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Comparison with the significant decision in Delray Beach Aviation Corp. v. Mooney, Aircraft Corp., 332 F.2d 135 (5th Cir.), cert. denied, 379 U.S. 915, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964) leads clearly to the conclusion that Beech has intentionally entered into competition in the Pennsylvania market and is actively present and "doing business" in the state. Rather than use its own directly employed personnel, the corporation entered the state by acquiring broad supervisory control over a distribution-sales corporation. The nature of that broad control is an adequate basis for finding AAS and Atlantic Philadelphia to be the agents of Beech Aircraft, and thus the proper and capable recipients of service of process on Beech.

Motion denied.